Filed 12/13/24  P. v. Garcia CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>VICTOR ROBERT GARCIA,<br><br>    Defendant and Appellant. | G063631<br><br>(Super. Ct. No. 10NF3235)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Reversed and remanded with directions.

Sally Patrone Brajevich, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa A. Mandel and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

Except for certain sex offenses, the Legislature has generally determined that one-year prison priors "*imposed* prior to January 1, 2020," are "legally invalid." (Pen. Code, § 1172.75, subd. (a). italics added.)[1] The Legislature has further provided that if a defendant's sentence "includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

The sole issue in this appeal is whether section 1172.75 applies when a trial court imposes, but then strikes a prison prior for the purposes of sentencing. Our Supreme Court has taken up this issue and will ultimately have the last word. But in the meantime, we agree with the only published opinion on the issue and hold "that section 1172.75 should be interpreted to apply whenever a prison prior was imposed, whether punishment was executed, stayed, or struck." (*People v. Espino* (2024) 104 Cal.App.5th 188, 194 (*Espino*), review granted Oct. 23, 2024, S286987.)

Here, defendant Victor Robert Garcia petitioned for relief under section 1172.75. The trial court denied the petition because at the time of sentencing, the court imposed his three prison priors, but then struck them for purposes of sentencing. In accordance with *Espino*, we reverse the trial court's order and remand with directions to resentence Garcia.

I.

PROCEDURAL BACKGROUND

The facts concerning defendant's offenses are set forth in our prior unpublished opinion. (*People v. Garcia* (May 16, 2013, G045724)

---

[1] Undesignated statutory references are to the Penal Code.

[nonpub. opn.].) Because they are not relevant to the issue before us on this appeal, we discuss only the relevant procedural background.

In March 2011, a jury found defendant guilty of three felonies and found true related firearm enhancements. The court found true various prior convictions, including three prison prior enhancements within the meaning of section 667.5, subdivision (b).

In June 2019, at a resentencing hearing, the trial court ordered the one-year punishments for the three prison priors "stricken for purposes of sentencing only." The court then imposed a total aggregate sentence of 25 years to life, plus one year and eight months.

In November 2023, defendant filed a petition for recall and resentencing pursuant to sections 1172.7 and 1172.75. In December 2023, the court denied the petition "because all related enhancements were either stayed or stricken at time of sentencing."[2] Defendant appealed from the order denying his petition.

II.

DISCUSSION

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years. [Citation.] Effective

---

[2] Both the petition and the trial court's order denying the petition indicate Garcia was identified by the Department of Corrections and Rehabilitation (CDCR) as an inmate potentially eligible for relief.

3

January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) . . . (Stats. 2019, ch. 590) [(SB 136)] amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses. [Citations.] Enhancements based on prior prison terms served for other offenses became legally invalid." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380.) "Later, in 2021, the Legislature enacted Senate Bill No. 483 (2021-2022 Reg. Sess.) (Senate Bill 483). This bill sought to make the changes implemented by [SB] 136 retroactive. [Citation.] It took effect on January 1, 2022, and added former section 1171.1, now section 1172.75, to the Penal Code. (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.)" (*Ibid*.)

Section 1172.75 directs the CDCR to identify those persons in custody "currently serving a term for a judgment that includes an enhancement described in subdivision (a) . . . to the sentencing court that imposed the enhancement." (§ 1172.75, subd. (b).) Upon receiving this information, "[i]f the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) "Resentencing . . . shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).)

The question before us is whether defendant is entitled to be resentenced under section 1172.75, where his prior prison term enhancements were imposed by the trial court, but stricken solely for

purposes of sentencing. Pending direction from the Supreme Court, we follow the reasoning of *Espino, supra,* 104 Cal.App.4th 188, and conclude he is.[3]

"Reviewing this question of statutory interpretation de novo [citation], we conclude that section 1172.75 should be interpreted according to the ordinary meaning of the word 'impose' and therefore applies whenever a prison prior is included in a judgment, whether the prior is executed, stayed, or punishment is struck." (*Espino*, *supra*, 104 Cal.App.5th at p. 194.)

According to the majority view in *Espino*: "[I]n some circumstances, when an enhancement has been imposed but punishment struck, '[t]he fact of the enhancement . . . remain[s]' and may adversely impact the defendant in other ways such as restricting the ability to accrue conduct credits or subjecting the defendant to additional punishment for future convictions." (*Espino, supra,* 104 Cal.App.5th at p. 201.)[4]

This case presents the same circumstance referenced by the *Espino* court. For the reasons set forth in *Espino*, we conclude defendant is therefore entitled to resentencing.

---

[3] In addition to granting review in *Espino*, which involved a request for resentencing where the punishment for a now invalid prison prior had been stricken, the Supreme Court has granted review to resolve a conflict among the Courts of Appeal regarding whether section 1172.75 applies where a now-invalid prison prior was imposed but stayed. (See *People v. Mayberry* (2024) 102 Cal.App.5th 665, review granted Aug. 14, 2024, S285853; *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169; *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted Feb. 21, 2024, S283189; *People v. Saldana* (2023) 97 Cal.App.5th 1270, review granted Mar. 12, 2024, S283547.)

[4] Although we agree with the *Espino* majority's rationale, we acknowledge the well-reasoned analysis of the dissent in that case and await the Supreme Court's guidance on this issue.

III.

DISPOSITION

The order denying defendant's petition is reversed and the matter is remanded to the trial court for resentencing.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


MOTOIKE, J.